## S. Jacobs and Son, Appellants, *v.* North Kensington Storage Co.

*Evidence—Depositions—Nonresident—Going witness — Offer— Rejection—Error.*

In an action to recover damages for the conversion of a player piano, the depositions of a resident of the City of New York having been taken, by agreement of counsel, for use when the same case was set for trial at another session of court were admissible as the testimony of a going witness, where the offer for their introduction in evidence was accompanied by an offer of proof that the witness was a resident of New York and that the plaintiffs were unable to secure her presence at the trial.  The materiality of the depositions being evident the plaintiff's case was prejudiced by their exclusion which was, therefore, reversible error.

*Bailments—Bailment lease—Dispute of ownership—Warehouseman's lien for storage.*

In such action plaintiffs established prima facie title by showing that they had leased the piano to the person by whom it was placed

in storage, and thereupon established a default by the lessee in performance of her agreement contained in the lease. The defendant storage company proved no title, but claimed a lien for storage, hauling and other charges. Judgment for defendant was in error. A warehouseman who obtains possession of goods from a bailee cannot retain possession against the owner by lien for storage charges.

Argued December 11, 1922. Appeal, No. 294, Oct. T., 1922, by plaintiffs, from judgment of Municipal Court of Philadelphia, Oct. T., 1920, No. 741, on finding for defendants in the case of Jennie Jacobs and David Jacobs, partners trading as S. Jacobs and Son v. Victor Steinberg and Caroline Steinberg, trading as North Kensington Storage Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for conversion. Before CASSIDY, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court below entered judgment upon a finding for defendants. Plaintiffs appealed.

*Errors assigned* were, inter alia, refusal to admit certain depositions in evidence, failure of the trial judge to file reasons upon which his finding was based, the finding and judgment for defendants.

*Francis Chapman,* of *Chapman & Chapman,* for appellants.—In trespass for conversion it is entirely sufficient for plaintiff to show right of possession of the goods in himself and a refusal of defendant to deliver upon demand: Taylor v. Hanlon, 103 Pa. 504.

The owner has a right to follow his property and claim it in the possession of any person however innocent: Estey Co. v. Dick, 41 Pa. Superior Ct. 610.

*John V. McCann,* for appellees.

OPINION BY HENDERSON, J., March 2, 1913.

This action was brought to recover damages for the conversion of a player piano—title to which the plaintiffs asserted. The evidence shows that the piano was leased to one Florence Dunston on a bailment contract. One of the provisions was that payment should be made at the rate of $8 per month until the whole sum of $415 was paid. Another provision was that if at any time the lessee should fail to make the weekly payments as set forth in the contract, or should remove the instrument from the premises to which it was delivered by the lessors without the written consent of said lessors, the latter should have the right to determine the lease and take immediate possession of the instrument wherever the same might be. The evidence further shows that the lessee made default in the payment of the monthly installments and that she removed the instrument from the place to which it was delivered by the lessors and placed it in the storage warehouse of the defendants without the consent or knowledge of the lessors. The plaintiffs having learned of the latter fact made demand on the defendants for the instrument which demand was refused, the defendants claiming a lien against the goods in storage for the sum of $168 for cash advancements made to Mrs. Dunston and for hauling and storage charges. The refusal of the defendants took place September 1, 1920; the action was brought October 28, 1920. The case was tried without a jury and the trial judge made a finding in favor of the defendants without filing an opinion or stating the reasons for the conclusion reached. During the course of the trial, the plaintiffs offered the deposition of Mrs. Dunston and in connection therewith offered to prove that she was a resident of the City of New York and that the plaintiffs were unable to secure her presence at the trial. The deposition referred to was taken by consent of the counsel for the defendants immediately preceding the time when the case was set for trial at another session of the court. Ob-

jection was made that the witness was not a going witness which objection was sustained and the testimony excluded. The first and second assignments of error relate to this ruling of the court. It may be inferred from the deposition itself that Mrs. Dunston was a resident of the City of New York, but if that did not appear with sufficient definiteness, it was competent for the plaintiffs in tendering the evidence to show that the witness was not within the jurisdiction of the court; in which case the evidence was admissible, for it was taken with the understanding that it should be used as the testimony of a going witness. The witness came temporarily to Philadelphia for the purpose of testifying when it was supposed the case would be called, and if not a resident of the State she should be regarded as a going witness: Schoneman v. Fegley, 7 Pa. 433. There was no evidence that she was subject to the process of the court and the rejection of the deposition was apparently made on the statement of the counsel for the defendants that the testimony was taken to be used the last time the case was down on the list, and that notwithstanding the fact that the counsel had waived the notice required under the rule to take depositions, the witness was in the city and appeared in court on the former occasion. As it is admitted that the counsel waived the service of a rule to take the deposition and appeared and cross-examined the witness with a knowledge that the testimony was to be used if the witness was not available, the objection was not well founded and with the evidence in the deposition or tendered at the time it was offered that the witness lived in the City of New York, the testimony should have been received. It was not important that the deposition was taken at the time when it was supposed the case would be called for trial. It could only be used in any event if the witness could not be procured, and having been taken in the case without objection, the plaintiffs were entitled to have it read to the jury. Its materiality

is evident and the plaintiffs' case was prejudiced by its exclusion.

Complaint is made that there is no opinion filed nor reason given for finding for the defendants. A rule of the municipial court provides that where a case is tried by a judge without a jury, a memorandum of the reasons on which the finding is based shall be incorporated in the records of the case, and the adoption of this practice greatly aids in the disposal of cases heard on appeal. It should have been observed in the present case for on the record as presented there does not appear to be a sufficiently supported defense. A prima facie title was exhibited; the default of the lessee was proved, and no title was shown in the defendants. The relation of an owner and a warehouseman in similar circumstances was discussed in Estey Co. v. Dick, 41 Pa. Superior Ct. 610, where it was held that title having been shown in the plaintiff and possession having been obtained from a bailee, the proprietor of a storage house could not retain possession against the owner by lien for storage charges. It is obvious law that mere possession is only evidence prima facie of ownership of personal property, and the actual title and right of possession may be shown by the owner. A period of about two months elapsed between the demand made for the property by the plaintiffs and the bringing of the action, and this was sufficient time to permit the defendants to take advantage of the 18th section of the Act of March 11, 1909, relating to warehouse receipts, wherein it is provided that when some one other than the depositor or person claiming under him, has a claim to the title or possession of the goods, and the warehouseman has information of such claim, the warehouseman shall be excused from liability for refusing to deliver either to the depositor or person claiming under him, or to the adverse claimant, until the warehouseman has had reasonable time to ascertain the validity of the adverse claim or to bring legal proceedings to compel all claimants to interplead. This

course was not appropriately pursued by the defendants. They did in their affidavit of defense set forth the fact that the plaintiffs claimed the property and requested that the plaintiffs herein and Mrs. Florence Dunston be compelled to interplead, and that an issue be framed between them to determine the ownership of the piano now in dispute. This affidavit was not filed, however, until the first day of November, 1920; it was not addressed to the court, and there is no evidence that it was ever brought to the attention of the court. It was not a compliance therefore with the provision of the statute which authorizes the warehouseman in such circumstances "to bring legal proceedings to compel all claimants to interplead." It is necessary, however, that the case be retried, for the evidence is indefinite as to the condition and value of the property in question. If other relevant facts are available to the parties, they may be shown at the next trial.

The first and second assignments are sustained. The judgment is reversed and the record remitted with a new venire.